**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 22-4581

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS BRANDON RUSS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00507-D-1)

---

Submitted:  June 8, 2023                                        Decided:  August 30, 2023

---

Before RICHARDSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

---

Dismissed in part, affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Christopher S. Edwards, WARD & SMITH, PA, Wilmington, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Brandon Russ pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Russ to 120 months' imprisonment and concurrent supervised release terms of 3 and 5 years. Russ' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but raising as issues for review whether the magistrate judge erred in the manner he informed Russ of the statutory minimum and maximum sentences he faced during the Fed. R. Crim. P. 11 colloquy, whether Russ' prison term is reasonable, and whether the discretionary special conditions of supervised release present in the judgment match those orally announced by the district court at sentencing. Russ was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Russ' plea agreement, the Government moves to dismiss the appeal. Russ' counsel has responded. We grant the Government's motion to dismiss the appeal in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Blick*,

2

408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Russ knowingly and voluntarily waived his rights to appeal. In the plea agreement, Russ waived the rights to appeal his conviction and "whatever sentence is imposed on any ground." The challenges to Russ' convictions and sentence counsel raises for review fall squarely within the scope of Russ' valid waiver of appellate rights.

Counsel also questions whether the discretionary special conditions of supervised release present in the judgment match those orally announced at sentencing. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v.*

3

*Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." 984 F.3d 341, 345 (4th Cir. 2021). Our review of the record reflects that the district court orally announced the discretionary special conditions of supervised release present in the judgment.

In accordance with *Anders*, we also have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss the appeal in part, dismiss the appeal as to counsel's challenges to Russ' convictions and prison sentence, and affirm in part. This court requires that counsel inform Russ, in writing, of the right to petition the Supreme Court of the United States for further review. If Russ requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Russ.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4